```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

OTIS MACK VICKSON,

    Plaintiff,

v.                            Case No. 8:11-cv-2499-T-33TGW

THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to the Government's Motion to Dismiss (Doc. # 10), which was filed on April 19, 2012. Pro se Plaintiff filed a Motion for Summary Judgment (Doc. # 12), on May 3, 2012, which this Court construes as Plaintiff's Response to the Motion to Dismiss.[1] For the reasons that follow, the Court grants the Motion to Dismiss.

## Discussion

Plaintiff initiated this action against the Department of Veterans Affairs on November 3, 2011. (Doc. # 1). Plaintiff, a Vietnam War veteran, was granted VA disability benefits for

---

[1] The Court construes Plaintiff's Motion for Summary Judgment as Plaintiff's Response in Opposition to the Government's Motion to Dismiss because Plaintiff failed to file a response to the Motion to Dismiss within the time allotted by the Local Rules of this Court and because Plaintiff's so-called Motion for Summary Judgment addresses a number of the arguments raised in the Motion to Dismiss.

Post Traumatic Stress Disorder on April 10, 2012. Plaintiff is being compensated retroactively to December 15, 2009. Plaintiff claims that he should have been awarded benefits some twenty-seven years sooner, and that the VA's failure to grant further retroactive benefits was based on Plaintiff's status as an African-American. (Doc. # 1 at 3). In addition to other remedies, Plaintiff seeks an order awarding him $500,000,000.00 in damages and also seeks to be appointed as the Secretary of the Department of Veterans Affairs. The Government seeks dismissal of the Complaint with prejudice for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular

case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Here, the Court determines that it lacks subject matter jurisdiction. Claims concerning veterans' benefits are governed by 38 U.S.C. § 511, a statute curtailing this Court's review of VA benefits determinations. That statute provides in pertinent part:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).[2]

A claimant may appeal the Secretary's decision to the Board of Veterans Appeals (the "Board"). 38 U.S.C. § 7104, and the Court of Appeals for Veterans Claims has exclusive jurisdiction over appeals from final decisions of the Board. 38 U.S.C. § 7252(a). The Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions by the Court of Appeals for Veterans Appeals. 38 U.S.C. § 7292. The

---

[2] The exceptions noted in subsection (b) of 38 U.S.C. § 511 are not applicable to the facts of this case.

judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court. As explained by the Eleventh Circuit in <u>Hall v. United States Dep't of Veterans Affairs</u>, 85 F.3d 532, 535 (11th Cir. 1996), the district court is left out of the equation.

Inasmuch as Plaintiff seeks judicial review from this Court of the VA's denial of certain retroactive benefits, this Court lacks subject matter jurisdiction to hear his claim. Rather than filing an action in this federal district court, Plaintiff should seek review of the decision by an entity included in the review process created by the VJRA.

In addition, the Court takes this opportunity to note that Plaintiff's designation of this case as a civil rights action pursuant to 41 U.S.C. § 1983 does not allow him to sidestep the review process prescribed by the VJRA. See <u>Croxton v. United States Dep't of Veterans Affairs</u>, No. 8:08-cv-1839-T-30TGW, 2008 U.S. Dist. LEXIS 111446, at *2 n.3 (M.D. Fla. Sept. 18, 2008)(holding that a veteran may not avoid the established procedures for the adjudication of benefits claims "merely by reconstructing the denial of his veterans' benefits as some other claim."). Thus, even construing Plaintiff's pro se Complaint liberally, the Court must dismiss such Complaint for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss (Doc. # 10) is **GRANTED**.

(2) This action is dismissed with prejudice for lack of subject matter jurisdiction.

(3) The Clerk is directed to terminate any pending motions and to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of May 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record